IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| SHERRY L. HARTMAN<br>8339 Fort McCord Road<br>Chambersburg, Pennsylvania 17201, | *<br><br>* |
| and | * |
| MARK W. HARTMAN<br>8339 Fort McCord Road<br>Chambersburg, Pennsylvania 17201, | *<br><br>* |
| Plaintiffs, | * |
| v. | * |
| WAL-MART STORES, INC.<br>701 South Walton Boulevard<br>Bentonville, Arizona 72716, | *<br><br>* |
| SERVE ON:<br>  CSC Lawyers Incorporating Service, Co.<br>  11 East Chase Street<br>  Baltimore, Maryland 21202, | *<br><br>* |
| Defendant. | *   Civil Action No.: |

* * * * * * * * * * * * * *

## COMPLAINT

Sherry L. Hartman and Mark W. Hartman, Plaintiffs, by and through their undersigned attorneys, Stephen J. Hughes and Pope and Hughes, P.A., sue the Defendant, Wal-Mart Stores, Inc., and as grounds therefore, state as follows:

## JURISDICTION AND VENUE

1. The Plaintiffs are citizens and residents of the Commonwealth of Pennsylvania residing at 8339 Fort McCord Road, Chambersburg, Pennsylvania 17201 and, at all relevant times hereto, were husband and wife.

2. On information and belief, the Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation whose headquarters are located in Bentonville, Arizona. The Defendant owns and operates a retail store located at 17850 Garland Grove, Boulevard H, Hagerstown, Frederick County, Maryland known as Wal-Mart Store #1674, and regularly transacts business in the State of Maryland.

3. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity among the parties hereto and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## FACTS COMMON TO ALL COUNTS

5. On December 23, 2005, around 1:00 p.m., the Plaintiff was a business invitee at the Defendant's Store #1674, referenced above. The Plaintiff was standing in an aisle with her hands on a shopping cart containing her grandson. Without warning, she was struck in the back of the left heel by a pallet jack being operated by a store employee, causing her foot to be propelled unexpectedly forward and further causing her knee to flex backwards. As a consequence of the impact described above, the Plaintiff's knee buckled and she very nearly fell to the ground, but managed to catch herself on the shopping cart.

6. Immediately following the impact described above, the Plaintiff's knee became painful and swollen, causing her to limp. She made a complaint to the store manager about the incident. In the months that followed, she has found that she has sustained a serious injury to her knee as a consequence of the impact.

## COUNT I
## (NEGLIGENCE)

7. The facts and matters alleged in Paragraphs 1 through 4 above, are repeated and realleged as if fully set forth herein.

8. The Defendant, acting through its agents, servants and employees, created an unreasonably dangerous condition by: allowing youthful and inexperienced employees to operate heavy machinery in its retail space in and around customers who might be injured; failing to adopt policies and procedures that would require the transport of freight away from area populated by retail customers, and only at times when customers were not in the stores; failing to propound policies and procedures promoting the safe operation of pallet jacks; failing to provide adequate training and supervision to employees on the operation of such jacks, and; were otherwise negligent.

9. As a direct and proximate result of the negligence of the Defendant acting through its agents, servants, and employees as aforesaid, the Plaintiff was battered and sustained significant, severe and permanent injuries, including a tear of her anterior cruciate ligament in her left knee.

10. As a direct and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff was caused to undergo medical treatment, and will require future medical treatments; to incur expenses for past medical treatment, and will incur additional expenses for

3

future medical treatment; and was caused to experience pain and suffering, and will continue to experience pain and suffering in the future, with no fault on the part of the Plaintiff contributing thereto.

11. The Defendant is vicariously liable for the negligent acts of its employees, committed while acting within the scope of their employment.

WHEREFORE, the Plaintiff, Sherry L. Hartman, demands judgment against the Defendant, Wal-Mart Stores, Inc. for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,00.00), plus pre and post judgment interest and the costs of this action.

## COUNT II
## (LOSS OF CONSORTIUM)

12. The facts and matters alleged in Paragraphs 1 through 11 above, are repeated and realleged as if fully set forth herein

13. At all times relevant hereto, Plaintiffs Sherry L. Hartman and Mark W. Hartman were and are husband and wife.

14. The negligent conduct of the Defendant, as previously described, caused injury to the marital relationship of Mr. and Mrs. Hartman, including, but not limited to, a loss of society, affection, assistance, and companionship.

WHEREFORE, Plaintiffs, Sherry L. Hartman and Mark W. Hartman, demand judgment against the Defendant Wal-Mart Stores, Inc. in the amount of Five Hundred Thousand Dollars ($500,000.00) plus pre and post judgment interest, costs of this proceeding, and all other injuries and damages to their marital relationship which they have sustained as a consequence of the negligence of this Defendant.

Respectfully submitted,

_____
Stephen J. Hughes
Federal Bar No.: 03313
Pope & Hughes, P.A.
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland 21204
Tel: (410) 494-7777

Attorneys for Plaintiffs

5